**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

May 7, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ARCH COAL, INC.,**
**Employer Below, Petitioner**

**vs.)    No.  17-1121** (BOR Appeal No. 2052107)
                    (Claim No. 2014033043)

**JAMES WISENBALER,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Arch Coal, Inc., by Jeffrey Carder, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. James Wisenbaler, by Christopher J. Wallace, his attorney, filed a timely response.

The issues on appeal are whether lumbar herniated disc should be added as a compensable condition, whether additional medical treatment should be authorized, and whether Mr. Wisenbaler's claim should be reopened for temporary total disability benefits. On May 20, 2016, the claims administrator closed the claim for temporary total disability benefits. On June 22, 2016, the claims administrator denied authorization for a second left microlumbar discectomy. On November 7, 2016, the claims administrator denied a request to add displaced lumbar intervertebral disc (herniated disc) as a secondary condition, and on November 23, 2016, the claims administrator denied authorization for selective nerve root blocks. The Office of Judges reversed each one of the claims administrator's decisions in its July 24, 2017, Order. The Order was affirmed by the Board of Review on November 2, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wisenbaler, a laborer, injured his low back on May 12, 2014, when he dropped ventilation tubing, slipped over rock, and felt pain in his back. His claim was held compensable for a lumbar sprain/strain on May 19, 2014. Mr. Wisenbaler had a preexisting history of lumbar

1

spine problems dating back to October of 2000, when he injured his lumbar spine unloading scaffolding. A March 25, 2001, lumbar MRI revealed degenerative changes and disc bulges at the L3-L4 through L5-S1 levels as well as narrowing of the thecal sac. Due to continued problems with his lumbar spine in 2001 and 2000, David Lynch, M.D., performed an independent medical evaluation on January 21, 2003. Dr. Lynch had evaluated Mr. Wisenbaler two times before. Dr. Lynch noted that Mr. Wisenbaler had declined vocational rehabilitation services and pain management. Mr. Wisenbaler noted constant low back pain with intermittent symptoms down his right leg consisting of numbness and tingling in the leg and a burning sensation in his toes. Dr. Lynch noted Mr. Wisenbaler showed symptom magnification on his last visit and was unable to do range of motion testing. Dr. Lynch diagnosed chronic pain syndrome, history of lumbosacral strain, history of degenerative changes with disc bulges, non-surgical lesion, and non-focal neurologic examination. Dr. Lynch opined that Mr. Wisenbaler had 15% whole person impairment. He noted that number may be inflated due to Mr. Wisenbaler's fear and pain limiting him from true range of motion.

On October 23, 2003, P. Kent Thrush, M.D., performed an independent medical evaluation. He noted that Mr. Wisenbaler complained of constant aching in his low back, which was aggravated by bending, lifting, and prolonged sitting. He also had occasional pain radiating down his right leg and tingling in the left foot. His symptoms had increased over the last year. Dr. Thrush diagnosed lumbar sprain and early to moderate spinal stenosis of the lumbar spine with disc bulging at L3-L4, L4-L5, and L5-S1. He opined that the stenosis may increase over time and recommended Mr. Wisenbaler find a job that did not require a lot of repetitive heavy lifting and/or bending due to his back problems, spinal stenosis, degenerative changes and disc bulging. In an October 30, 2003, addendum, Dr. Thrush opined that Mr. Wisenbaler had "considerable degenerative changes in his back for someone only 30 years old". He agreed with the recommendation not to proceed with surgery as Mr. Wisenbaler had a difficult problem with multilevel disease and no one large single disc herniation.

After Mr. Wisenbaler's May 12, 2014 injury, a lumbar spine MRI was performed on May 30, 2014. It revealed evidence of mild facet arthropathy at all levels; disc bulging at L3-L4 with a small central disc protrusion; diffuse disc bulge at L4-L5 without significant central or foraminal stenosis; and a central disc protrusion at L5-S1 with mild mass effect on the thecal sac effacing both S1 nerve roots. Bill Underwood, M.D., treated Mr. Wisenbaler on June 18, 2014. Dr. Underwood noted Mr. Wisenbaler presented with complaints of lower back pain that radiated into his left lower extremity, numbness and tingling in his left great toe and cramping in his left thigh. The pain was worse with standing. Dr. Underwood diagnosed left L5 radiculopathy with multilevel degenerative issues and multilevel small disc protrusions without significant impingement. He recommended physical therapy and a pain management evaluation.

On August 11, 2014, Mr. Wisenbaler was seen by Russell Biundo, M.D., for complaints of low back pain radiating into his left leg. Dr. Biundo opined that Mr. Wisenbaler had an L3-L4 paracentral disc herniation that was compressing the L4 nerve root. He referred him back to Dr. Underwood to discuss surgical options and recommended continued physical therapy.

On August 7, 2014, Dr. Thrush performed an independent medical evaluation. Mr. Wisenbaler reported continuing daily low back pain with radiation down the left leg into the thigh, calf, and foot. He denied any significant symptoms in between 2003 and the May 12, 2014, work injury. Dr. Thrush diagnosed lumbar sprain on top of pre-existing degenerative arthritis and degenerative disc disease and recommended continued physical therapy.

Dr. Biundo saw Mr. Wisenbaler for chief complaints of low back pain and leg weakness on September 22, 2014. Dr. Biundo noted generalized left leg muscle atrophy. He also noted the July 9, 2014, MRI showed an L3-L4 herniated disc with nerve root impingement. He assessed left leg weakness, lumbar herniated disc at L3-L4, and pain to the left hip/pelvis. Dr. Biundo recommended follow-up with pain management, a pelvic MRI, and EMG/NCV testing. On December 1, 2014, Dr. Biundo diagnosed an L5 radiculopathy on the left based on the MRI findings. He recommended an L4-L5 nerve block and physical therapy.

On March 17, 2015, Dr. Joseph Grady, M.D., performed an independent medical evaluation for the compensable condition of back strain/sprain. His assessment was multilevel lumbar spondylosis with reported left L3-L4 disc herniation with left L5 nerve root impingement on MRI and left L5 radiculopathy on EMG nerve conduction study and physical examination. Dr. Grady recommended Mr. Wisenbaler follow-up with the neurosurgeon and undergo a repeat MRI if requested to do so by the neurosurgeon. Dr. Grady noted Mr. Wisenbaler's lumbar sprain/strain had resolved. However, he had diffuse structural abnormalities with lumbar spondylosis throughout his lower back, which was pre-existing. But, some exacerbation of the conditions could have occurred due to the work injury. Dr. Grady opined that surgery would potentially benefit Mr. Wisenbaler's left leg symptoms.

Dr. Underwood performed left-sided L3-L4 and L5-S1 microdiscectomies on June 9, 2015. The pre and post-operative diagnosis was left-sided L3-L4 herniated nucleus pulposus. On June 23, 2015, Mr. Wisenbaler was seen by Koshy Mathai, M.D., who noted his low back and left lower extremity pain had improved. Dr. Biundo diagnosed low back pain, left lumbosacral radicular syndrome, lumbar disc disease, lumbar stenosis, and lumbar facet arthropathy. An August 14, 2015, lumbar MRI revealed multilevel intervertebral disc disease and facet hypertrophic changes as well as post-surgical changes at L3-L4 and L5-S1. The disc herniation at L3-L4 decreased in size with decreased impingement on the left L4 nerve root within the lateral recess.

Mr. Wisenbaler continued to treat with Dr. Biundo, who diagnosed status post herniated disc with significant improvement following the L3-L4, L5-S1 discectomy on August 17, 2015. On September 28, 2015, Dr. Biundo noted that during the prior week, Mr. Wisenbaler was bending forward to get clothes out of his dryer when he twisted his back and had pain and discomfort across the lower back with more pain and discomfort than ever. He had radiating pain in the left lower extremity and difficulty walking. Dr. Biundo noted an antalgic gait pattern that was inconsistent. He recommended physical therapy, the use of a TENS unit, and Neurontin. On October 28, 2015, Dr. Biundo noted the claimant had a herniated disc and they were waiting on recommendations from Dr. Underwood before moving forward.

A November 18, 2015, lumbar MRI revealed enhancing scar tissue surrounding the S1 nerve root, decreased fluid in the left hemilaminectomy defect at L3-L4, and enhancement of the facet joint at L3-L4, which was present on the previous study as well. Dr. Underwood recommended a re-do of the L5-S1 microlumbar discectomy on December 7, 2015. Dr. Biundo agreed that Mr. Wisenbaler would benefit from the discectomy on January 4, 2016.

ChuanFang Jin, M.D., performed an independent medical evaluation on March 15, 2016, for a compensable diagnosis of lumbar strain/sprain. She noted a chief complaint of back pain as well as constant left leg pain and occasional right leg pain. Mr. Wisenbaler was unable to sit, stand, or complete a task for more than thirty minutes. He was unable to do physical activity. Dr. Jin noted that Mr. Wisenbaler walked with a limp, had difficulty with heel and toe walking, and did not pass the validity test with range of motion testing. Mr. Wisenbaler complained of severe pain while doing range of motion. Dr. Jin's impression was a history of mechanical injury to the lumbar spine with diagnoses of lumbar sprain/strain; pre-existing lumbar spondylosis/degenerative lumbar disc disease; and status post microdiscectomy at L3-L4 and L5-S1. Dr. Jin opined that the lumbar sprain/strain did not require surgical treatment. The first surgery was for the degenerative disc disease. In her opinion, surgery was not a cure for degenerative disease, so recurrent symptoms were common. She noted that Mr. Wisenbaler was only pain free for two to three months following the surgery. She opined this was an "indicator of unfavorable outcome for additional surgery". In her opinion, the recurrent back pain was not due to bending over to pick up socks, but to the underlying pathology of degeneration in the lumbar spine. In her opinion, the second surgery for revision of the lumbar microdiscectomy is for the degenerative lumbar disc disease. She also questioned the medical necessity for the surgery given the outcome of the first surgery.

On May 20, 2016, the claims administrator closed the claim for temporary total disability benefits as the claims administrator had not received any medical evidence showing Mr. Wisenbaler had been taken off of work due to his work-related injury. On June 22, 2016, the claims administrator denied authorization of a request by Dr. Underwood for a redo of a left L5-S1 microlumbar discectomy based on Dr. Jin's opinion that the surgery was not medically warranted or recommended. On October 17, 2016, Dr. Biundo completed a diagnosis update form requesting that lumbar herniated disc/displaced lumbar disc be added as compensable. He noted that Mr. Wisenbaler's clinical presentation was and always had been herniated disc due to the work injury. On November 7, 2016, the claims administrator denied a request to add displaced lumbar intervertebral disc as a secondary condition because the condition was not causally related to the injury. On November 23, 2016, the claims administrator denied authorization of a request by Dr. Biundo for selective nerve root blocks as no further treatment was needed for the injury based on Dr. Jin's report.

In its July 24, 2017, Order, the Office of Judges found that displaced lumbar intervertebral disc should be added as a compensable condition. Drs. Underwood and Biundo noted lumbar and left lower extremity symptoms, including radiculopathy, and the MRIs showed herniated discs at L3-L4 and L5-S1. Moreover, Drs. Grady and Weiss found the surgery for the herniated discs was medically necessary. The Office of Judges noted that Mr. Wisenbaler had a

history of lumbar spine problems but found he had no treatment or symptoms in the days, weeks, or years leading up to the May 12, 2014, injury. Additionally, there was no evidence that Mr. Wisenbaler had herniated discs prior to the date of injury. Therefore, the Office of Judges found that a preponderance of the evidence supported the addition of displaced lumbar intervertebral disc as a compensable condition.

The Office of Judges then addressed the authorization for a redo of the left L5-S1 discectomy. It found that Mr. Wisenbaler had proven by a preponderance of the evidence that the surgery was reasonably required. It determined that the opinion of Drs. Underwood and Biundo, that the surgery was reasonable and necessary, outweighed the opinion of Dr. Jin. The Office of Judges noted the claims administrator had authorized the first surgery and therefore should authorize the second surgery. It also noted that Dr. Jin was not a neurosurgeon and Dr. Underwood was.

The Office of Judges moved on to the issue of the nerve root blocks and found the blocks should have been authorized. The treatment was denied based upon the opinion of Dr. Jin because the treatment was for the degenerative disc condition and not the compensable condition in the claim. It found the request of Dr. Biundo was reasonable treatment for the work injury, as Dr. Biundo requested the nerve blocks for treatment of the herniated discs and not the degenerative conditions.

Finally, the Office of Judges addressed the issue of temporary total disability benefits which had been closed on May 20, 2016, because Mr. Wisenbaler had not submitted medical evidence showing his continued temporary total disability status. The Office of Judges noted the decision to terminate the temporary total disability was based on the opinion of Dr. Jin. It found that Dr. Jin's opinion did not accurately entail the treatment history of Mr. Wisenbaler, as she did not address the herniated discs. The Office of Judges determined that Mr. Wisenbaler was unable to work due to the disc herniations and not the degenerative conditions. Therefore, it found Mr. Wisenbaler was entitled to temporary total disability benefits from the date the benefits were terminated and thereafter with substantiated evidence of his continuing disability. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on November 2, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The main issue was the compensability of the herniated discs. Arch Coal, Inc., correctly pointed out that Mr. Wisenbaler had a long history of lumbar spine problems. However, there was no evidence he had preexisting herniated discs. Therefore, the Board of Review was correct to affirm the finding that the herniated discs were compensable. The contested medical treatment and temporary total disability are for the herniated discs and therefore the Board of Review did not err when it ordered payment of the benefits.

5

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 7, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker